**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ABDUL AZIZ,

      Plaintiff-Appellant,

v.

UNIVERSITY OF COLORADO,

      Defendant-Appellee.

No. 00-1262
(D.C. No. 97-B-1748)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pro se plaintiff Abdul Aziz appeals the denial of his motion for relief from a judgment, brought pursuant to Federal Rule of Civil Procedure 60(b)(6). We affirm.

Plaintiff applied for and was rejected for a tenure track position in the Engineering Department of the University of Colorado at Denver. He brought a discrimination action in the federal district court, alleging he was not selected due to his national origin, race, and age. During a settlement conference, the parties entered into a conditional agreement that plaintiff would dismiss his case with prejudice if a neutral, qualified third party appointed by the court concluded that plaintiff was not more qualified than the person selected for the position.

The district court appointed Dr. Albert J. Rosa, Chair of the Department of Engineering at the University of Denver, to act as a special master in the matter. Although plaintiff initially objected, on April 8, 1998 he filed a pleading indicating he would comply with the settlement agreement. On May 6, 1998, Dr. Rosa reported to the court that plaintiff was not more qualified than the selected candidate. When the University sought dismissal of the lawsuit pursuant to the settlement agreement, plaintiff refused to comply, arguing that the special master was not qualified because he did not follow the court's order and made factual errors, and that the appointment of Dr. Rosa violated the settlement agreement.

After a hearing, the district court issued an order on November 6, 1998, dismissing plaintiff's lawsuit on the grounds that the terms of the settlement agreement had been met and plaintiff had waived his objections to the special master. We affirmed the district court's judgment in Aziz v. University of Colorado, No. 98-1466, 1999 WL 308565 (10th Cir. May 17, 1999) (unpublished disposition).

On November 26, 1999, plaintiff filed his first motion for relief pursuant to Rule 60(b)(6), which was denied on November 29, 1999. On May 6, 2000, plaintiff filed a second Rule 60(b)(6) motion, seeking relief from the judgment on the grounds that the district court did not possess the qualifications to evaluate the qualifications of engineering candidates, and that the issue of qualification was genuine. The district court denied plaintiff's motion on the ground that it was not filed within a reasonable time; it did not demonstrate extraordinary circumstances; and the basis of the motion had already been before the Tenth Circuit. Plaintiff appeals.

We review the denial of a Rule 60(b) motion for an abuse of discretion, and will not reverse the district court unless it "has made an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 992 (10th Cir. 1999) (quotations omitted). Plaintiff, who argues simply that the court lacked the qualifications to

-3-

evaluate candidates and that his case presented a genuine issue under a summary judgment standard, has not shown that the district court abused its discretion.

Plaintiff made a binding agreement authorizing the district court to appoint an expert and agreeing that he would dismiss his case if the expert concluded that the selected candidate was more qualified than plaintiff.  R. I., doc. 12, at 2. He therefore waived any right to object to the district court's qualifications to appoint Dr. Rosa.  In addition, whether he presented sufficient evidence to survive a summary judgment motion is irrelevant.  For the reasons stated by the district court, we affirm the denial of plaintiff's Rule 60(b)(6) motion.

AFFIRMED.  Plaintiff's motion to return the case back to the district court is DENIED.  The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge